**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL COSLOW; JULIE COSLOW, | No. 12-15045 |
| Plaintiffs - Appellants, | D.C. No. 3:11-cv-00480-RCJ-VPC |
| v. | |
| INTOHOMES, LLC; MILA, INC.; FIRST AMERICAN TITLE; LITTON LOAN SERVICING, LP; QUALITY LOAN SERVICE CORP.; LSI TITLE COMPANY; NORMA GONZALEZ; DOES, 1 through 10 and Corporations A-Z, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted February 14, 2014**
San Francisco, California

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CALLAHAN and M. SMITH, Circuit Judges, and KORMAN, Senior District Judge.[***]

Julie and Daniel Coslow appeal from the dismissal of their claim that, under the Nevada Revised Statutes ("N.R.S.") § 107.080, Quality Loan Service Corp. ("Quality Loan"), through its agent LSI Title Company ("LSI Title"), improperly foreclosed on their property. In Nevada, an action for wrongful foreclosure requires a plaintiff to "establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). The Coslows do not dispute that they defaulted on their mortgage, and we hold that the foreclosure was otherwise valid.

First, "while entitlement to enforce both the deed of trust and the promissory note is required to foreclose, nothing requires those documents to be unified from the point of inception of the loan." *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 259 (Nev. 2012). The note and deed of trust were split at the loan's inception because Mortgage Electronic Registration Systems, Inc. ("MERS"), a party other than the original note holder MILA, Inc. ("MILA"), was listed as the deed's beneficiary. *See*

---

[***] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

2

*id.* The note and deed were unified, however, when MERS assigned "all beneficial interest under th[e] . . . Deed of Trust . . . together with the Promissory Note secured by said Deed of Trust" to LaSalle Bank National Association ("LaSalle"). *See Edelstein*, 286 P.3d at 260-62. MERS was authorized to assign the deed of trust as the named beneficiary, and it was authorized to assign the note as an agent for MILA because the deed of trust named MERS as "nominee for Lender and Lender's successors and assigns." *See id.* Accordingly, through its agent LSI Title, Quality Loan, which LaSalle had properly substituted as trustee, was authorized to file a notice of default and sell the property. *See* Nev. Rev. Stat. § 107.080(1) ("[I]f any transfer in trust of any estate in real property is made . . . to secure the performance of an obligation or the payment of any debt, a power of sale is hereby conferred upon the trustee to be exercised after a breach of the obligation for which the transfer is security.").

Second, the fact that "MILA ceased operations approximately three months prior to its chapter 11 filing on July 2, 2007," *Groshong v. Sapp* (*In re Mila, Inc.*), 423 B.R. 537, 540 (B.A.P. 9th Cir. 2010), does not affect MERS's authority to transfer the deed of trust or the note. MERS transferred all beneficial interests in the deed of trust and the note on May 22, 2007, before MILA filed for bankruptcy on June 2, 2007. Accordingly, the transfer was valid.

AFFIRMED.